IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EVARD DEMOTT | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-14-277 |
| | * | |
| CSX TRANSPORTATION, INC. | * | |

## MEMORANDUM

Evard Demott has brought this action under the Federal Rail Safety Act ("FRSA"), claiming that he was disciplined because he made safety complaints against defendant, CSX Transportation, Inc. – Baltimore Division.[1] Discovery has been completed, and defendant has moved for summary judgment. The motion will be granted.

In order establish a claim under the FRSA an employee must show that he (1) engaged in protective activity; (2) that the employer knew he engaged in protective activity; (3) he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor to the unfavorable action. In this district it has been held that in order to establish the second element "at least one person involved in the adverse employment decision must have knowledge of the protected activity." *Conrad v. CSX Trans., Inc.*, 214 U.S. Dist. LEXIS 172629, at *10-11 (D. Md. Dec. 15, 2014).[2] Further, because knowledge of at least one person involved in an adverse

---

[1] Much of the briefing suggests that plaintiff was discharged from his employment. It appears, however, that the initial discharge was reduced to a 90-day suspension.

[2] I believe that *Conrad* is on appeal. If the district court decision is reversed and the Fourth Circuit holds that one manager's knowledge of plaintiff engaging in protected activity can be imputed to the decision maker, plaintiff (assuming that he appeals my decision) may move for an immediate remand.

1

employment decision is required, the absence of such knowledge also makes it impossible for a plaintiff to meet the fourth element of his burden of proof.

Here, the record establishes that although plaintiff has shown that several managers at CSXT did have knowledge of the protected activity in which plaintiff engaged, the decision-maker, John Wright, and other persons involved in the decision-making process, did not know of plaintiff's alleged protected activity. Moreover, plaintiff has not demonstrated that any person who committed rules violations similar to the rules violations that he was found to have committed received less punishment than did he.

For these reasons defendant's motion for summary judgment will be granted.

Date: 3/3/16

J. Frederick Motz
United States District Judge